IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 24-cv-00188-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Plaintiff Brett Bailey ("Bailey") is a deaf individual who taught American Sign Language ("ASL") at a high school operated by Defendant Mount Diablo Unified School District ("MDUSD"). When he started his job, Bailey requested an ASL interpreter as an accommodation for his disability, but MDUSD allegedly ignored Bailey's request for months. At one point, MDUSD provided him with a part-time interpreter that he shared with a student, but Bailey continued to request a full-time designated interpreter. MDUSD then informed Bailey of his non-reelection of employment for the following school year.

Bailey sued MDUSD for disability discrimination under federal and California law. Compl. (dkt. 1). MDUSD now moves to dismiss Bailey's complaint. Mot. (dkt. 17). Finding this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), the Court GRANTS the motion in part and DENIES it in part.

I.  **BACKGROUND**

    A.  **Factual Allegations**

Bailey is a deaf individual who primarily communicates in American Sign Language ("ASL"). Compl. at 4. On September 1, 2021, MDUSD hired Bailey to teach

ASL at Concord High School.  Id.  MDUSD knew about Bailey's deafness before hiring him.  Id.  Within a week of beginning his teaching role, Bailey requested an ASL interpreter.  Id.  MDUSD's human resources department ("HR") "repeatedly ignored or mishandled" his request for an interpreter.  Id.  At some point after his initial request for an interpreter, HR denied Bailey's request citing "budget constraints."  Id.

In January 2022, four months after his initial request for an accommodation, HR informed Bailey that it recognized his disability and would discuss accommodations.  Id.  These discussions were "unproductive and ended abruptly" because MDUSD's staff was unwilling to provide accommodations for Bailey's recognized need for ASL communication.  Id.  MDUSD's staff stated that it prioritized providing interpreters for students over providing one for Bailey.  Id. at 5.

Later in the school year, MDUSD provided Bailey with an interpreter that he shared with a deaf student.  Id.  Bailey had access to the interpreter for only fifty minutes out of a one hour and fifty-minute class period, and only for one of the five classes he taught.  Id.  In March 2022, Bailey was informed of his non-reelection, which meant MDUSD would not renew his employment contract for the following school year.  Id.

### B. Procedural History

Bailey sued MDUSD on January 10, 2024, alleging one violation of the federal Rehabilitation Act and three violations of California's Fair Employment and Housing Act ("FEHA").  Id. at 6–10.  MDUSD now moves to dismiss all four of Bailey's claims, as well as his requests for compensatory damages and punitive damages.  See generally Mot.

## II. LEGAL STANDARD

Under Rule 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Courts may dismiss claims because of "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019).

A complaint must plead "sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a 12(b)(6) motion. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). When evaluating a motion to dismiss, courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987). "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

Bailey brings (A) one claim under the Rehabilitation Act; (B) three claims under the FEHA; and (C) claims for compensatory and punitive damages. Compl. at 6–10. The Court address each in turn.

#### A. Rehabilitation Act (Claim One)

Section 504 of the Rehabilitation Act prohibits organizations that receive federal funding, including public schools, from discriminating against people with disabilities. Mark H. v. Hamamoto, 620 F.3d 1090, 1097 (9th Cir. 2010). A disability discrimination claim may be "based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Cmty.

3

Coll. Dist., 11 F.4th 729, 738 (9th Cir. 2021) (quoting Davis v. Shah, 821 F.3d 231, 260 (2d Cir. 2016)).  Bailey alleges that MDUSD violated the Rehabilitation Act under three theories of liability: (1) failing to provide a reasonable accommodation to ensure effective communication; (2) not implementing policies, procedures, and staff training necessary to ensure compliance with the Rehabilitation Act and its implementing regulations; and (3) retaliating against him for advocating for his rights.  Compl. at 7.

### 1. Failure to Accommodate

A plaintiff alleging a failure to accommodate discrimination claim under the Rehabilitation Act must show: (1) that he had a disability within the meaning of the Rehabilitation Act; (2) that the employer had notice of his disability; (3) that he could perform the essential functions of his job with a reasonable accommodation; and (4) that the employer refused to provide a reasonable accommodation.  See Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2002).

Under the Rehabilitation Act, a disability is a "a physical or mental impairment that constitutes or results in a substantial impediment to employment."  29 U.S.C. § 705(9); 42 U.S.C. § 12102(2).  Bailey is deaf and his primary language is American Sign Language.  Compl. at 2.  He requires an ASL interpreter "to effectively communicate in many face-to-face workplace interactions."  Id.  These facts plausibly allege that Bailey's deafness results in a substantial impediment to employment, and thus it qualifies as a disability.

Next, Bailey alleges that MDUSD was on notice of his deafness.  First, he alleges that prior to his employment, his "personnel file at the school contained an audiogram,"[1] putting MDUSD on notice.  Second, he alleges that he requested an ASL interpreter from MDUSD's HR department during his first week of employment.  Compl. at 4.  Taking these allegations as true, Bailey plausibly alleges that MDUSD was on notice of his disability at the start of his employment.

---

[1] An audiogram is a graph showing the results of a pure-tone hearing test.  See The Audiogram, American Speech-Language-Hearing Association, https://www.asha.org/public/hearing/audiogram (last visited July 31, 2024).

However, Bailey's claim falls short on the third element because he fails to allege the essential functions of his job. He alleges that he was a high school ASL teacher. Compl. at 4. But he pleads no facts specifying the essential functions of his teaching role or how an ASL interpreter would help him perform those essential functions. Bailey does not allege, for example, that one of the functions of his role as an ASL teacher was to effectively communicate with students and that an ASL interpreter would have assisted in that communication. Although the Court can imagine what the essential functions of Bailey's job may have entailed, the Court cannot allege facts of Bailey's behalf or assume that Bailey can "prove facts which [he] has not alleged." See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Bailey thus fails to plausibly allege that he could perform the essential functions of his job with a reasonable accommodation.

Therefore, Bailey fails to state a claim under the Rehabilitation Act based on a failure to accommodate theory of liability.[2]

### 2. Failure to Implement Policies, Procedures, and Staff Training

Bailey alleges that MDUSD failed to "implement policies, procedures, and staff training to ensure compliance with the [Rehabilitation Act] and its implementing regulations." Compl. at 7. Because failure to implement policies and training is not one of the theories of liability available for a disability discrimination claim, see Payan, 11 F.4th at 738, the Court construes Bailey's allegation in this regard as alleging disparate impact discrimination.

To plausibly allege disparate impact under the Rehabilitation Act, the plaintiff must plead facts to identify (1) a facially neutral government policy or practice (2) that creates a disparate impact on disabled individuals (3) that is so significant as to deny them meaningful access. Id. Bailey alleges that MDUSD "has not implemented policies,

---

[2] The Court need not reach whether Bailey plausibly alleges that MDUSD refused to provide him with a reasonable accommodation. But the Court does note that Bailey's pleading lacks facts alleging why a part-time interpreter was not a reasonable accommodation. See infra Section III.B.1.c.

procedures, and staff training necessary to ensure compliance with the [Rehabilitation] [Act] and its implementing regulations." Compl. at 7. However, Bailey does not plead facts alleging:

- What types of policies, procedures, or training MDUSD has failed to implement,
- The disparate impact the lack of those policies, procedures, and trainings has on disabled individuals, or
- How the lack of policies, procedures and training denies disabled individuals meaningful access.

See Compl. at 4–5, 7.

The Court concludes that Bailey's allegation that MDUSD has not implemented policies, procedures, and staff training is a bare legal conclusion that is insufficient to state a Rehabilitation Act claim based on a theory of disparate impact.

### 3. Retaliation

To state a claim for retaliation under the Rehabilitation Act, Bailey must plausibly allege that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the two. Aki v. Univ. of Cal. Lawrence Berkely Nat'l Lab., 74 F. Supp. 3d 1163, 1180 (N.D. Cal. 2014); see also Pardi v. Kaiser Found. Hosp., Inc., 389 F.3d 840, 849 (9th Cir. 2004) (holding that retaliation under the Rehabilitation Act has the same elements as under the Americans with Disabilities Act ("ADA")); Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000) (same with Title VII of the Civil Rights Act).[3]

#### a. Protected Activity

Requesting a reasonable accommodation for a disability is a protected activity under the Rehabilitation Act. Coons v. Sec'y of U.S. Dept. of Treasury, 383 F.3d 879, 877

---

[3] Courts can look to ADA caselaw when faced with a Rehabilitation Act challenge. See Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002). Title VII jurisprudence applies to Rehabilitation Act cases involving intentional discrimination or disparate impact discrimination. Prewitt, 662 F.2d at 305 n.19. "Retaliation is, by definition, an intentional act." Jackson v. Birmingham Bd. Of Educ., 544 U.S. 167, 168 (2005).

(9th Cir. 2004). Bailey alleges that he requested a designated ASL interpreter and that a designated interpreter is a reasonable accommodation for his disability. Compl. at 4–5. This is sufficient to plausibly allege that he engaged in a protected activity.

### b. Adverse Employment Action

An adverse employment action is "adverse treatment that is reasonably likely to deter employees from engaging in protected activity." Ray, 217 F.3d at 1237; see Hostetler v. Wormuth, No. 22-CV-03605-JD, 2023 WL 6795411, at *3 (N.D. Cal. Oct. 12, 2023). The Ninth Circuit "define[s] 'adverse employment action' broadly." Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004) (citing Ray, 217 F.3d at 1241).

Bailey alleges that he suffered adverse employment action when he was informed of his non-reelection and "forced to resign." Compl. at 5. Non-reelection of a contract can constitute adverse employment action. See MacIntyre v. Carroll Coll., 48 F.4th 950, 955 (9th Cir. 2022); Jadwin v. County of Kern, 610 F.Supp.2d 1129, 1171 (E.D. Cal. 2009) (non-renewal of contract sufficient to show an adverse employment action) (citing cases). And here, it is reasonably likely that MDUSD's decision to non-reelect an employee's contract would deter other employees from engaging in protected activity.[4] Thus, Bailey plausibly alleges that he suffered an adverse employment action.

### c. Causation

The Ninth Circuit holds that causation between an employee's protected activity and an adverse employment action "may be inferred from circumstantial evidence, such as […] proximity in time." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding that causation is strongly inferred when the adverse employment action occurred less than three months after the employee's protected activity). Bailey alleges that MDUSD's staff first recognized his disability and began discussing accommodations with

---

[4] MDUSD argues that Bailey fails to allege facts that his non-reelection forced him to resign. See Mot. at 4. But whether the non-reelection forced Bailey to resign is beside the point; the non-reelection itself is an adverse employment action.

7

him in January 2022, that he continued to request a designated ASL interpreter in these discussions, and that MDUSD informed him of his non-reelection in March 2022. Compl. at 4–5. MDUSD does not allege that its non-reelection of Bailey was for reasons unrelated to his disability and requests for accommodation. See Mot. at 4. Because Bailey's non-reelection was "close on the heels" of him reraising his request for a designated ASL interpreter, a causal link can be plausibly inferred from the circumstances. See Ray, 217 F.3d at 1234. Therefore, Bailey states a claim under the Retaliation Act for retaliation.

### B.  Fair Employment and Housing Act Claims (Claims Two through Four)

Bailey brings three claims under claims under the FEHA: (1) failure to make a reasonable accommodation; (2) failure to take reasonable steps necessary to prevent discrimination; and (3) failure to engage in an interactive process with the employee to determine an effective reasonable accommodation. Compl. at 7–10. As explained below, the Court GRANTS with leave to amend MDUSD's motion to dismiss as to the failure to accommodate and failure to prevent claims but DENIES the motion as to the failure to engage claim.

#### 1.  Failure to Accommodate (Cal Gov't Code § 12940(m)(1))

Bailey claims that MDUSD violated § 12940(m)(1), which requires employers to make reasonable accommodation for the known disability of an employee.[5] Compl. at 8–9; Cal. Gov't. Code § 12940(m)(1). The elements of a failure to accommodate claim under the FEHA are: (a) the plaintiff has a disability covered by the FEHA; (b) the plaintiff is a qualified individual; and (c) the employer failed to reasonably accommodate the plaintiff's disability. Penhall v. Lake Cnty. Prob. Dep't, 2022 WL 4625188, at *16 (N.D. Cal. Sept. 30, 2022) (Breyer, J.), aff'd, 2024 WL 743789 (9th Cir. Feb. 23, 2024) (citations omitted).

##### a.  Disability

A physical disability under the FEHA is an impairment that limits an individual's

---

[5] MDUSD argues that Bailey does not plausibly allege a § 12940(m)(2) claim, see Mot. at 9, but Bailey does not bring a claim under § 12940(m)(2). See Compl. at 8–9.

8

ability to participate in a major life activity. Bryan v. United Parcel Serv., Inc., 307 F. Supp. 2d 1108, 1111 (N.D. Cal. 2004); see Cal. Gov't Code 12926(m)(1)(B). An impairment "limits a major life activity if it makes the achievement of the major life activity difficult." Cal. Gov't Code 12926(m)(1)(B)(ii). "Major life activities" is broadly construed and includes "physical, mental, and social activities and working." Cal. Gov't Code 12926(m)(1)(B)(iii).

Bailey alleges that he is deaf and primarily communicates in ASL. Compl. at 4. He also alleges that this impairment substantially limits the "major life activities of hearing and speaking." Id. at 6. The Court thus concludes that Bailey plausibly alleges that he has a disability under the FEHA.

### b. Qualified Individual

Under the FEHA, a plaintiff is a qualified individual if "[]he is able to perform the essential duties of the position with or without reasonable accommodation." Green v. State of Cal., 42 Cal. 4th 254, 267 (2007). To plausibly allege this element, a complaint must specify: (1) the plaintiff's position at the time the entity failed to provide reasonable accommodation; (2) the essential functions of that position; and (3) that the plaintiff was capable of performing these functions, with or without accommodation. Silveria, 2019 WL 4345947 at *12.[6] Bailey alleges he was a high school ASL teacher. See Compl. at 4. However, as with his failure to accommodate claim under the Rehabilitation Act, Bailey does not plead any facts specifying the essential functions of his teaching role or stating whether he was capable of performing those functions with or without an accommodation. See id. Again, the Court can imagine what the essential functions of Bailey's job may have entailed, but the Court cannot allege facts for Bailey. Therefore, the Court concludes that Bailey does not plausibly allege this element.

---

[6] Case law establishing the elements of a qualified individual under the ADA and Rehabilitation Act is relevant in determining whether an individual is qualified under the FEHA. See Diaz v. Fed. Express Corp., 373 F. Supp. 2d 1034, 1059–60 (C.D. Cal. 2005) (collecting cases) (holding that Rehabilitation Act cases are relevant in determining whether an individual is qualified under the FEHA).

### c. Failure to Reasonably Accommodate

Under the FEHA, a reasonable accommodation is "a modification or adjustment to the workplace that enables the employee to perform the essential functions" of the job. Aparicio v. Comcast, Inc., 274 F. Supp. 3d 1014, 1029 (N.D. Cal. 2017) (quoting Nadaf-Rahrov v. Neiman Marcus Grp., Inc., 166 Cal. App. 4th 952, 974 (2008)). Employers are not obligated to "choose the best accommodation or the specific accommodation" requested by the disabled employee—only a reasonable one. See Aparicio, 274 F. Supp. 3d at 1029 (quoting Raine v. City of Burbank, 135 Cal. App. 4th 1215, 1222 (2006)).

MDUSD did not give Bailey the accommodation he requested, which was a designated ASL interpreter. However, Bailey does acknowledge that, at some point, MDUSD gave him access to a part-time ASL interpreter that he shared with a student. Compl. at 5. Bailey alleges that this part-time interpreter was not a reasonable accommodation because the interpreter was only in "one of his five classes, significantly hindering his ability to have equal access and reasonable accommodation." Id. But Bailey fails to allege facts specifying why the part-time interpreter did not enable him to perform the essential functions of his teaching role. Here too, the Court can imagine reasons why this may be true, but the Court cannot assume that Bailey can "prove facts which [he] has not alleged." See Associated Gen. Contractors of Cal., Inc., 459 U.S. at 526. Therefore, the Court concludes that Bailey does not plead facts sufficient to establish MDUSD failed to reasonably accommodate his disability.

Because Bailey does not establish that he is a qualified individual or that MDUSD failed to reasonably accommodate his disability, he fails to state a claim for failure to accommodate under the FEHA.

### d. Leave to Amend

The Court expects that Bailey's failure to accommodate claim can be cured with amendment—in particular, by adding factual allegations about the essential functions of his position. Because the claim is not futile and no other factors weigh against leave to amend, see Leadsinger, 512 F.3d at 532, the Court hereby GRANTS MDUSD's motion to

dismiss as to Bailey's FEHA failure to accommodate claim WITH LEAVE TO AMEND.

### 2. Failure to Prevent Discrimination (Cal Gov't Code § 12940(k))

The FEHA prohibits employers from "fail[ing] to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't. Code § 12940(k). To plausibly allege a failure to prevent claim, a plaintiff must plead facts sufficient to establish that: (a) plaintiff was "subjected to discrimination, harassment, or retaliation"; (b) defendant "failed to take all reasonable steps to prevent discrimination, harassment, or retaliation"; (c) plaintiff "suffered injury, damage, loss or harm"; and (d) defendant's conduct caused the injury. See Moss v. City & Cnty. of San Francisco, 2024 WL 406517, at *12 (N.D. Cal. Feb. 2, 2024) (Corley, J.) (citing Cal. Civ. Jury Instructions 12.11). "No liability can arise for failing to take necessary steps to prevent discrimination, however, except where discriminatory conduct actually took place and was not prevented." Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015); see Trujillo v. N. Cnty. Transit Dist., 63 Cal. App. 4th 280, 289 (1998) ("[T]he statutory language [does not] support[] recovery on such a private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred.").

A failure to prevent claim is "essentially derivative of a discrimination claim." Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015) (citing Trujillo, 63 Cal. App. 4th at 289). Because Bailey does not plead sufficient facts to support his discrimination claim for failure to accommodate under the FEHA, he also fails to state a claim for failure to prevent discrimination. This conclusion is further evidenced by comparing Bailey's allegations for the two claims. To support his failure to prevent discrimination claim, Bailey alleges that MDUSD was "aware of [his] disability and communication needs" but "did not provide [a] reasonable accommodation," and that because of MDUSD's actions, he "was subjected to discrimination because of his disability."[7] Compl. at 8. These are the same allegations that form the basis of Bailey's

---

[7] Failure to prevent retaliation is also actionable under section 12940, subdivision (k). See Taylor v. City of Los Angeles Dept. of Water & Power, 144 Cal. App. 4th 1216, 1240

deficient failure to accommodate claim under the FEHA.  See supra Section III.B.1.  Accordingly, MDUSD's motion to dismiss is also GRANTED as to Bailey's failure to prevent discrimination claim.

However, for same reasons as Bailey's failure to accommodate claim, the Court concludes that Bailey's failure to prevent claim can be remedied by amendment.  The Court therefore dismisses Bailey's failure to prevent claim WITH LEAVE TO AMEND.  See Leadsinger, 512 F.3d at 532.

### 3. Failure to Engage (Cal. Gov't Code § 12940(n))

The FEHA requires employers "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability[.]"  Cal. Gov't. Code § 12940(n).  "The employee must initiate the process unless his or her disability and the resulting limitation are obvious."  Kaur v. Foster Poultry Farms LLC, 83 Cal. App. 5th 320, 347 (2022) (citations omitted).  After the employee initiates, "the employer has a continuous obligation to engage in the interactive process in good faith."  Id. (citations and emphasis omitted).  An employer is not absolved of liability by taking "some steps to work with an employee"; it may be liable if it is responsible for a later breakdown in the process.  Id. (citations and emphasis omitted).

Bailey alleges that MDUSD repeatedly ignored and mishandled his request for four months before recognizing his disability and discussing an accommodation, despite being aware of his deafness before employment.  Compl. at 4.  The lengthy delay in responding to Bailey's request alone suggests that MDUSD failed to meet its obligation under the FEHA to "engage in a timely, good faith" manner to determine a reasonable accommodation.  See Reese v. Barton Healthcare Sys., 693 F. Supp. 2d 1170, 1187 (E.D. Cal. 2010) (holding that the defendant did not timely engage in a good faith, interactive

---

(2006).  But Bailey does not allege that MDUSD failed to prevent retaliation, so this Court need not address whether he plausibly states a claim on that basis.

process when the first interactive process occurred seven months after plaintiff informed defendant of a need for accommodation).

Bailey further alleges that although his "need for ASL communication was emphasized, the meetings [with MDUSD] were unproductive and ended abruptly because [MDUSD]'s staff was unwilling to provide such accommodations." Compl. at 4. Although MDUSD took "some steps" to work with Bailey, MDUSD had a "continuous obligation" to identify a reasonable accommodation for Bailey's disability. See Kaur, 83 Cal. App. 5th at 347. Bailey plausibly alleges that MDUSD failed to engage in a timely, good faith, interactive process both by delaying discussions regarding Bailey's accommodation and failing to meet its continuous obligation to identify a reasonable accommodation. MDUSD's motion to dismiss as to Bailey's failure-to-engage claim is DENIED.

### C.  Damages

Bailey requests (1) compensatory damages under his Rehabilitation Act claim; and (2) punitive damages under his FEHA failure to prevent claim. Bailey adequately states a claim for compensatory damages but his request for punitive damages is precluded by California law.

#### 1.  Compensatory Damages

To recover monetary damages under his Rehabilitation Act claim, Bailey must show that MDUSD's discrimination was intentional or that MDUSD was deliberately indifferent. See Whooley v. Tamalpais Union High Sch. Dist., 399 F. Supp. 3d 986, 996 (N.D. Cal. 2019) (Seeborg, J.) (citing Duvall v. City of Kitsap, 260 F.3d 1124, 1138–39 (9th Cir. 2001)). Bailey plausibly alleges a claim under the Rehabilitation Act for retaliation. See supra Section III.A.3. "Retaliation is, by definition, an intentional act." Jackson, 544 U.S. at 168. Accordingly, MDUSD's motion to dismiss Bailey's claim for compensatory damages is DENIED.

#### 2.  Punitive Damages

A public entity is not liable for punitive damages. Cal. Gov't. Code § 818.

MDUSD is a public school district. Compl. at 3. Therefore, the Court holds that Bailey's claim for punitive damages is precluded by California law and dismisses Bailey's claim for punitive damages.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES MDUSD's motion to dismiss as to Bailey's Rehabilitation Act claim (Claim One) and his FEHA failure to engage claim (Claim Four). The Court GRANTS the motion as to Bailey's remaining claims under the FEHA (Claims Two and Three) WITH LEAVE TO AMEND.

Additionally, the Court DENIES the motion to dismiss as to Bailey's claim for compensatory damages but GRANTS the motion as to his claim for punitive damages.

**IT IS SO ORDERED.**

Dated:  August 5, 2024

_____
CHARLES R. BREYER
United States District Judge