IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET BAILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 24-cv-00188-CRB<br><br>**ORDER ON OFFER OF JUDGMENT** |

Plaintiff Bret Bailey filed a notice of acceptance of an offer of judgment by Defendant Mount Diablo Unified School District. Notice (dkt. 55). In the notice, Plaintiff sought to take advantage of an ambiguity that the offered $20,000 sum was not inclusive of fees and costs. Id. at 2. While the offer initially states that the sum was inclusive of fees and costs, a later paragraph says that fees and costs would be "determined by the court." Offer (dkt. 55-1) at 2. Defendant disagrees with Plaintiff's reading of the terms and contends the offer was "expressly limited to the payment of the sum of $20,000, which includes costs and attorneys' fees." Objection (dkt. 57) at 2. Plaintiff counters that Defendant created the ambiguity and that it must be construed against them. Response (dkt. 58) at 4.

The Ninth Circuit has "repeatedly emphasized that Rule 68 offers of judgment are 'analyzed in the same manner as any contract.'" Miller v. City of Portland, 868 F.3d 846, 851 (9th Cir. 2017) (quoting Erdman v. Cochise Cty., 926 F.2d 877, 880 (9th Cir. 1991)). "When construing a contract, federal courts look to applicable state law." Sloan v. Verily Life Scis. LLC, No. 24-CV-07516-EMC (EMC), 2025 WL 2597393, at *5 (N.D. Cal. Sept.

8, 2025). Accordingly, this Court will apply California contract law. And under California law, there is "no contract until there has been a meeting of the minds on <u>all</u> material points." Am. Emps. Grp., Inc. v. Emp. Dev. Dep't, 154 Cal. App. 4th 836, 846 (2007) (emphasis in original). "Mutual intent is determinative of contract formation because there is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense." Id. (internal citation omitted).

The Court determines no valid contract was created from the Rule 68 offer because there was a lack of mutual assent. The Court identifies two ways to read the offer terms. First, the phrase "determined by the court" could be viewed as having the Court determine reasonable fees and costs within the $20,000 sum. And second, the differences in the paragraphs could functionally create two separate offers—one that caps at the $20,000 sum and one that is $20,000 plus fees and costs. Under either interpretation, Plaintiff did not agree to the same material terms that Defendant intended to offer.

Accordingly, the parties are ordered to meet-and-confer to discuss whether another Rule 68 offer is warranted. In the interim, the Court will stay briefing on Defendant's Motion for Summary Judgment (dkt. 53).

**IT IS SO ORDERED.**

Dated: October 28, 2025

CHARLES R. BREYER
United States District Judge